## CANNELL *vs.* M'CLEAN.

JUNE, (E. S.)

APPEAL from *Kent* county court. An action of debt was brought on a writing obligatory, dated the 18th of August 1818, executed by *Cannell*, (the defendant below and now appellant,) to *M'Clean*, (the plaintiff below and appellee,) reciting, that "whereas the said *Cannell* hath agreed to sell and convey to the said *M'Clean*, a certain lot of woodland containing thirty-seven acres, (which the said *Cannell* purchased of a certain George W. Thomas, as trustee for the sale of the real estate of *Richard S. Thomas*, deceased,) for and in consideration of the sum of two thousand two hundred and twenty dollars, current money, to the said *Cannell* in hand paid by the said *M'Clean*, the receipt whereof the said *Cannell* doth hereby acknowledge. Now the condition of this obligation is such, that if the above bound *Cannell* shall, on or before the 1st of December next, make and execute to the said *M'Clean*, and deliver to him, his heirs and assigns, a good and sufficient deed of conveyance of the said lot of woodland, and therein warrant and assure the same to him and them free from all incumbrances, and shall also permit and suffer the said *M'Clean*, his heirs and assigns, peaceably and quietly to receive and take to his and their own use, the rents and profits of the premises, and every part thereof, until such con-

A bond was executed by C to M, conditioned for the conveyance of a tract of land, on or before the 1st of December then next, in which is a recital setting out the payment by M of $2220, to C, as the consideration for the land. No conveyance having been made, an action of debt on the bond was brought to recover damages for a breach of the condition----*Held*, that the value of the land, at the time of the breach of contract was the measure of damages, and not the amount agreed to be paid; but if it otherwise is an action upon a covenant of *seizen* in a deed of conveyance. In the last case the consideration money of the deed is the measure of damages.

1825.

Cannell
vs
M'Clean

veyances and assurances shall be made and executed as aforesaid, without any let, suit, molestation or denial, of him the said *Cannell*, his heirs, executors or administrators, or of any other person or persons by his or their means, right, title or procurement, then," &c. The following case was stated for the court's opinion: "It is admitted that no deed has been executed by the defendant and obligor, mentioned in the bond, upon which this action is instituted. That the defendant had not a legal, but only an equitable title in the land mentioned in the said bond, and still has no other. That no deed has ever been executed or tendered by the defendant to the plaintiff for the said land, and that the plaintiff has never tendered a deed to the defendant for his execution. The county court gave judgment for the plaintiff; and on motion of the plaintiff ordered, that a proceeding, in the nature of a writ of *inquiry*, be had at the bar of the court at the next term thereof. At that term the plaintiff assigned the following breaches—1. That the defendant did not, on or before the 1st of December 1818, nor at any time afterwards, make, execute, and deliver to the plaintiff, a good and sufficient deed of conveyance of the land and premises mentioned in the bond obligatory, upon which this action was instituted. 2. That the defendant did not permit and suffer the plaintiff to receive and take to his own use, the rents and profits of the premises mentioned in the said bond obligatory, from the 18th of August 1818, to the 1st of December 1818. 3. That the defendant did not permit and suffer the plaintiff to take the rents and profits of the premises mentioned in the said writing obligatory.

At the execution of the inquiry at bar, the plaintiff read in evidence the case stated, as herein before set forth. The defendant then proved by *George W. Thomas*, that the plaintiff had informed him of the purchase of the wood lot, mentioned in the bond, on which the suit was brought, and had said he had received it in exchange, or in part exchange, for land sold by him to the defendant; that the witness had no knowledge of the plaintiff's having been in possession of said lots; that it was assessed on the books of the commissioners to the defendant, until the late assessment in the spring of 1822, when the assessor charged it to the plaintiff, by the direction of the witness, who gave this direction because he thought it to be the plaintiff's land.

1825.

Cannell.
vs
M'Clean.

The witness stated, that during the years 1818 and 1819, the plaintiff had frequently offered to sell him the land, and once advertised it for sale, with other land. The plaintiff called *Joseph N. Gordon*, by whom he proved, that at the instance of *Charles Stanley* he applied to the plaintiff to know for what price he would sell the said wood lot, and that the plaintiff said he could not sell it as he had no title. This conversation was since the suit brought. The plaintiff objected to the evidence offered of the exchange of lands between the parties, and contended that the same went to contradict the written contract between them, and moved the court to instruct the jury, that the proper measure of the damages, to be ascertained by them in the cause, is the sum of $2,220, the purchase money, stated in the conveyance bond to have been paid by the plaintiff to the defendant, with interest thereon from the first of December 1818. But the court, [*Earle*, Ch. J. and *Purnell*, A. J.] refused to give the instruction prayed, and were of opinion, and so stated to the jury, that the sum of the purchase money paid by the plaintiff to the defendant, is the true measure of their damages in this case, with interest thereon from the time of the payment, *unless* from the evidence in the cause the jury should think the plaintiff was put into the possession by the vendor of the land sold, in which case he ought to recover his principal without the interest; and that the principal in such case ought to be the measure of their damages. The court also stated to the jury, that the contract appears from the conveyance bond to be a monied transaction between the parties, and that the defendant was estopped to say otherwise, and that the testimony of Doct. *Thomas*, in relation to an exchange of the lands between the parties, was not legal evidence, and ought not to be regarded by them as such. The defendant excepted; and the inquisition being for $2,220 current money, damages, and the sum of one cent beyond the legal costs of suit, and judgment thereon rendered for the penalty of the bond, to be released on payment of, &c. the defendant prosecuted this appeal.

The cause was argued in this court before BUCHANAN, Ch. J. MARTIN, and STEPHEN, J. by

*Chambers* and *Gale*, for the Appellant, and by
*Carmichael*, for the Appellee.

1825.
Connell
vs
M'Clean

BUCHANAN, Ch. J. delivered the opinion of the court. This is an appeal from the judgment of the court of *Kent* county, in an action on a bond, with condition for the conveyance of a tract of land on or before the first day of December in the year 1818, in which there is a recital, setting out the payment by the appellee, the obligee in the bond, of two thousand two hundred and twenty dollars, to the appellant, the obligor, as the consideration for the land.

It appears by the admissions in the cause, that no deed of conveyance has ever been executed or tendered to the appellee by the appellant, for the land contracted to be conveyed, and the action was brought to recover damages for a breach of the condition of the bond.

At the trial below, the court was of opinion, and among other things so instructed the jury, "that the amount of the purchase money paid by the obligee to the obligor, was the proper measure of damages, with interest from the time of payment, unless possession was delivered to the obligee, in which case no interest ought to be allowed." And the only question necessary to be decided here, is whether that court did right in so instructing the jury.

In an action upon a covenant of seizin, in a deed of conveyance of land, the amount of consideration paid, with interest, furnishes the correct rule of damages, and not the value at the time of the eviction.

The recovery is restricted to the value of the land at the time of making the contract, because the covenant of seizin is broken, if the grantor has no title, the moment the deed is delivered, and not by the eviction, which is the consequence of the want of title in the grantor. The land, as it existed, and was worth when the covenant was entered into, is to be considered as alone the subject matter of the contract, and not the appreciated or diminished value of it, by causes not existing or not contemplated by the parties at the time; and the price then agreed upon and paid, furnishes a safe guide to the value of the land, at the time of the contract of sale, and forms, with the interest, a fair measure of damages, as conducive to justice, as any other, and less liable to objection, because it is a certain rule, which places the extent of the liability on the one hand, and of indemnity on the other, before the respective parties to the contract, and guards them against the ruinous consequences of unforeseen changes in the value of the property; and if this had been an action on a covenant of seizin, the direction given to the jury would

1825.

Cannell
vs
M'Caau

have been sustained by this court. But a covenant to convey land on a subsequent day is of a different character.

In such case the contract is to convey the land, not such as it is at the time of entering into the covenant, but such as it may be, whether of increased or diminished value, at the time stipulated for the conveyance; and in a suit instituted on such a covenant, the question of damages is governed by the general rule, that in an action for the nondelivery of specific property on a given day, the measure of damages is the price or value of the thing on the day it ought to have been delivered, and when the covenant was broken; which, as a general principle, is as applicable to contracts respecting real as personal property.

In either case the purchaser is entitled to the thing contracted for, at the price agreed upon, and consequently to the benefit of any increased value; which would be lost to him if the damages were restricted to the price or value at the time of making the contract.

Such a rule would work great injustice to purchasers, by enabling the sellers, whenever the subject of contract should become of increased value, to discharge themselves from their contracts, by returning the consideration, and turning the enhanced value to their own benefit; and on the other hand, to comply with their contracts in case of a deterioration in value, and throw the whole loss upon the purchasers, and would be a strong inducement to fraud. Whereas the rule, that the value at the time of the breach of contract, (whether increased or diminished,) shall be the measure of damages, can in general be productive of injury to neither party. If there should be an increase in value, the purchaser, being entitled to the thing itself, there is no injury or hardship imposed upon the vendor, (if he will withhold it in violation of his contract,) in compelling him to pay the value of it, and not permitting him to discharge himself from his engagement, by returning only the consideration paid, and pocketing the difference himself against right; and on the contrary, if there be a diminution in value, no injury is done to the purchaser, in not permitting him to recover more than such diminished value; since if the contract had been fulfilled, he would have had the property subject to that deterioration. and the restricting his recovery to the diminished value, places him only in the predicament in which he would have stood if the contract had not been broken. But if he should be suffered to re-

1825.

Thompson
vs
M'Kim

sort to the amount of the consideration as the measure of damages, it would work a hardship upon the defendant, the subject of whose engagement was the land or thing only, such as it might be at the time stipulated for conveyance, or delivery, without regard to what should be the then value, which did not at all enter into the contract. The safest rule therefore, and one which is best calculated to promote justice, is that the value at the time of the breach of contract shall be the measure of damages.

In this case the action was brought *on a bond* with condition to convey land at a subsequent day, and not for damages on ordinary *covenant* to convey; but the principle governing one case is equally applicable to the other.

It does not appear that any improvements have been made on the land since the contract was entered into, or that any artificial value has been given to it; the general rule, therefore, here laid down, is peculiarly applicable to this case, and we think that the court below erred in restricting the damages, by the direction given to the jury, to the amount of the price paid. JUDGMENT REVERSED.