Martin and Butt vs. Wright.

No. 99.—SEABORN J. MARTIN and WILLIAM B. BUTT, plaintiffs in error, *vs.* WILLIAM C. WRIGHT, for another, defendant in error.

[1.] A bond to convey land is not a title; but simply a contract to secure a title.

[2.] In actions on bonds for titles, the rule of damages is not the consideration paid for the land and interest.

Covenant on warranty, from Marion Superior Court. Tried before Judge Worrill, September Term, 1856.

This was an action brought by William C. Wright, (who sues for the use of Zachriah Boothe) plaintiff, against Seaborn J. Martin and William B. Butt, defendants, for damages, for the breach of a covenant of warranty contained in defendant's deed of conveyance; plaintiff having been evicted from the premises by title paramount.

Plaintiff offered in evidence a plat and grant from the State to Joseph J. Pollard, to the lot of land in question, dated 12th April, 1837; a deed from Pollard to Charles Garner, dated 11th of February, 1850; a deed from Charles Garner to Spencer Riley, dated 25th of June, 1850; he then introduced the proceedings and records from the Superior Court, of Marion county, in an ejectment cause brought upon the demises of Pollard, Garner and Riley against himself, and the verdict and judgment thereon rendered against him, and the

writ of *habere facias possessionem,* by which he was evicted.

William B. Butt, one of the warrantors and co-defendant, sworn at the instance of plaintiff, testified that he knew of the pendency of said action of ejectment against plaintiff, for the recovery of said land, but had no notice to defend said action.

Plaintiff here closed, and defendant moved for a non-suit, on the ground that plaintiff had failed to show title in the plaintiffs in the action of ejectment brought against him; but the recital in the deeds from Pollard and Garner showed an outstanding paramount title in other parties than the plaintiffs in said cause.

The Court refused the motion for non-suit.

Defendant's counsel requested the Court to charge the jury:

1st. That the recital in the deed from Pollard to Garner, showed an outstanding paramount title in one Andrew Oliver, and therefore, they must find for the defendant.

2d. The deed shows that the land was conveyed by bond to Andrew Oliver, and there being no proof that the purchase money was not paid, that therefore, they must find for the defendant.

3d. That, if plaintiff was entitled to recover, the amount of damages would be the purchase money with interest from the time of eviction.

Which charges the Court refused to give, and defendant excepted.

The jury found for the plaintiff two hundred dollars with interest from the time of the purchase.

And defendant thereupon tenders his bill of exceptions and says:

1st. That the Court erred in charging the jury that the recital in the deed from Pollard to Garner did not show paramount outstanding title, the same being a bond.

2d. The Court erred in charging the jury, that in the ab-

sence of any proof that the purchase money had been paid, they must find for the plaintiffs.

3d. That the Court erred in charging the jury, that the measure of damages was the purchase money with interest thereon from the time of sale, and not from the eviction.

JOHNSON & SLOAN, for plaintiffs in error.

BLANFORD & CRAWFORD, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

The plaintiff, who was defendant in the Court below, made several requests of the Court to give in charge to the jury, all of which, it is alleged, he refused, and the counsel excepted. The counsel assigns no error on the refusal of the Court to charge as requested, but all his assignments are upon the charge as given, and it does not appear in the record what the charge of the Court was. We ought, perhaps to stop here, inasmuch as it must appear what the charge of the Court was, before an assignment of error can be made upon it.

But, inasmuch as the case was argued upon the refusal of the Court to charge as requested, it may be well enough to pronounce our judgement on the requests—and we approve of the judgment of the Court on all the points made in these several requests.

[1.] There was no proof to sustain the first request. The recital in the deed showed no outstanding paramount title in Oliver. A bond is not a title. It is a contract for a title; and in a different kind of proceeding against Garner, or those who claim under him, by Oliver, his assigns or personal representatives, the recital in the deed of Pollard to Garner would be evidence of notice that the land had been previously sold, and that a bond had been given for a title.

[2.] The rule of damages asked to be given in charge, was

the rule in actions on deeds with warrant of title. It is different in actions on bond for titles. A party cannot covenant to make a deed, upon the sale of land, and then refuse to convey, and take advantage, for his own benefit, of the increase of value of the land, or rescind a contract he has made, at his pleasure.

Judgment affirmed.