## John Allen v. John Atkinson.

*Contracts for the sale of land: Presumption as to title: Rights of vendee.* Where one contracts to sell and convey land, and the contract is silent as to the title, it is to be assumed that the title is good; and it devolves on the vendee, if he questions it, to show the defect. But he has an undoubted right to a good title; that the deed shall contain proper covenants, and that the title shall be a marketable one, not open to reasonable objection. But when there is an apparent incumbrance of record, the vendee has a right to demand a reasonable time for investigation. Thirty days is not unreasonable for this purpose, when the mortgagee resides at a distance, and it does not appear that, in the meantime, the relation of the parties has been changed.

*Tender of purchase money by vendee under a land contract.* When a vendee, under a land contract, tenders money in performance of his obligation, the vendor has no right to the money, except upon the condition of a simultaneous delivery of the deed; and, therefore, in an action against the vendor for the breach of such a contract, it is not necessary to show that the tender has been kept good.

*Interest on land contracts.* Where a land contract is silent as to interest, it is not demandable so long as the vendee is not in default.

*Breach of land contract: Election of remedies: Waiver of specific performance: Measure of damages.* A party having a choice of remedies for the willful breach of a land contract,—by bill in equity for a specific performance, or by action for damages sustained by the breach,—will not be deprived of his remedy by action, because, for a consideration moving from a third party, he has waived his right to a specific performance.

The measure of damages which the vendee, in such a case, will be entitled to recover from the vendor for the breach of the contract, will be the difference between the actual value of the land, at the time of the breach, and the sum agreed to be paid, less the amount of the consideration, received for the waiver.

*Heard July 11. Decided October 5.*

Error to St. Clair Circuit.

This was an action of *assumpsit* brought by John Atkinson in the Circuit Court for the County of St. Clair against John Allen, to recover damages for the breach of a contract to sell and convey a lot of land. The cause was tried before the Circuit Judge, whose findings of facts and conclusions of law are set forth in the record.

FINDINGS.—" The Court having been requested to find the facts and his conclusions of law thereon, finds the facts as follows:

" 1st. That the plaintiff and defendant, on the 20th day of July, 1866, entered into an agreement, in writing, of which the following is a copy : ' Memorandum of an agreement made this 20th day of July, 1866, between John Allen and John Atkinson, both of St. Clair county, witnesseth : That said John Allen has this day sold to said John Atkinson all that piece or parcel of land contained within the enclosure on the corner of Seventh and Pine streets, on the north side of Pine street, for which the said John Atkinson is to pay the sum of two thousand dollars— $1000 down, and $1.000 in two equal annual payments, with interest at ten per cent per annum. Witness our hands and seals the day and year first above written. John Allen, John Atkinson. In presence of O'Brien J. Atkinson, James J. Atkinson.' Which agreement was afterwards acknowledged and recorded.

" 2d. That this agreement referred to the lots described in the plaintiff's delaration, and was intended by the parties to apply to them, and none other.

" 3d. That the next day after the contract was made, Allen and his wife called at the office of the plaintiff, for the purpose of making a deed of said premises, in pursuance of said agreement; and while the deed was being prepared, plaintiff inquired about the title to the lots; and there being no abstract furnished by defendant, plaintiff

asked time to examine the title, before the papers were finally executed and delivered—plaintiff at same time saying to defendant that he would pay him such money as he wanted to use in the meantime—but refusing to execute the papers until he should first have an opportunity to examine the title. Whereupon the defendant got angry, and left the office, refusing to furnish an abstract.

"4th. That within the next thirty days, plaintiff became satisfied that the title to said premises was good, and on the 20th day of August, 1866, tendered to Allen $1000, in legal-tender Government currency, and his notes, secured by a mortgage on the place, for one thousand dollars, according to the terms of the agreement, and demanded a deed; but the defendant refused to accept the tender, or make the deed; the defendant being presented by the plaintiff with a deed prepared and ready for his signature. That upon such refusal, plaintiff informed said defendant that said money so tendered, and the notes and mortgage, would remain in the hands of O'Brien J. Atkinson, ready for him at any time he should choose to accept it, and give a deed; but there was no proof that the tender was kept good.

"5th. That at the time said agreement was made, and at time of trial, said lots appeared, by the records of said county, to be incumbered by a mortgage to H. H. Emmons, dated Aug. 10, 1849, and due four years from date; but although the same was not discharged of record, yet it had in fact been paid.

"6th. That on the 30th day of November, 1866, one George W. Pinkham negotiated with Allen for the purchase of said property. The plaintiff had, before that time, filed his bill for a specific performance of said agreement, against said Allen. And said Pinkham having learned the fact, and being anxious to purchase said premises, went to said Atkinson, and after some negotiation, in consideration of

$100, paid to plaintiff, procured him to release his right to a specific performance, and look to Allen personally for any damage resulting from the non-performance of said agreement. And said plaintiff gave said Pinkham a receipt, in the words and figures following, viz: Received of George W. Pinkham, $100, for which I waive my right to a specific performance of a contract, dated July 20, 1866, between myself and John Allen, and agree to look to John Allen, personally, for any damage resulting to me by reason of said contract. John Atkinson. Port Huron, Nov. 30, 1866.

"7th. That at the same time, Allen's solicitor stipulated with plaintiff that the bill for specific performance be treated as discontinued without prejudice.

"8th. That on said 30th of November, 1866, Allen and his wife conveyed the premises to Pinkham, by a warranty deed, with full covenants, with this exception, written under the covenant of warranty, to wit:

"'Except as to the claim of John Atkinson, under and by virtue of a memorandum of agreement between John Allen, of the first part, and said Atkinson therefor, under which said Atkinson claims to be entitled to a deed upon certain terms.'

"9th. That Atkinson, at the time he made the receipt, and received the $100, knew of the contemplated trade between Pinkham and Allen.

"10th. That at the time the agreement was made, and at the time of tender, the market value of the property was two thousand eight hundred dollars.

"My conclusions, from the above facts, are, that the plaintiff is entitled to recover the difference between the price fixed by the contract, and the market value thereof; and that he should have judgment therefor, less the $100, received by him from Pinkham, to wit: $700."

For which sum judgment was entered, and the defendant brings the cause by writ of error to this Court.

*W. T. Mitchell,* for plaintiff in error.

I. By the proofs and findings of the said Circuit Judge, it does not appear that Atkinson was ready to complete and fulfill the contract, as set forth in the declaration, on his part; nor that Allen did not fulfill the same on his part. The contract, by its terms, required the plaintiff below, (defendant in error,) to pay $1,000, down, which was not done, and which defendant in error refused to pay, the next day, except on terms. Atkinson was then entitled to his deed, which Allen offered to make, and did substantially make; and if the title was then perfect, as it afterwards proved to be, Atkinson was bound to accept the same, and pay the money agreed upon.—*Hill v. Fisher, 34 Maine, 143; Perry v. Wheeler, 24 Vt., 286.*

II. After making the supposed tender, by Atkinson, he did not keep the same good. Tenders are *stricti juris,* and nothing will be presumed in their favor.—*Shotwell v. Dennman, Coxe, 174.* In order to constitute a legal tender, it is necessary, as a general rule, that the money be actually produced, and placed within the power of the creditor to receive it.—*Sands v. Lyon, 18 Conn., 18.* A tender must be continually ready, or it will be bad.—*Besancon v. Shirley, 9 S. & M., 457; Jarboe v. McAtee, 7 B. Mon., 279; De Wolf v. Long, 2 Gilman, 679; Sloan v. Petrie, 16 Ill., 262; Livingston v. Harrison, 2 E. D. Smith, 509; Walker v. Brown, 12 La. An., 266; Cullen v. Green, 5 Harrington, (Del.), 17; Mason v. Croom, 24 Georgia, 211; Brock v. Jones, 16 Texas, 461; Clark v. Mullenix, 11 Ind., 532; Baker v. Brink, 5 Clarke (Iowa), 481; Gower v. Hager, 15 Cal., 208; Marine Bank v. Rushmore, 28 Ill., 463; Mohn v. Stoner, 14 Iowa, 115; Rudolph v. Wagner, 36 Ala., 678; Hayden v. Anderson, 17 Iowa, 158; Rosevelt v. N. Y. & E. R. R. Co., 45 Barb., 554; Webster v. Pierce, 35 Ill., 158; Kortright v. Cady, 23 Barb., 490.*

III. The tender was insufficient, and did not cover the amount then due. "A tender, after the day mentioned, must include interest."—*Hamar v. Dimmick, 14 Ind., 105; Randolph v. Wagner, 36 Ala., 698.*

IV. It does appear, by the findings and proof, that Atkinson released and discharged the property, for the conveyance of which the said contract was made, and so released and discharged any cause of action he might otherwise have had against the said John Allen.

V. Atkinson's receipt to Pinkham, the purchaser from Allen, with the knowledge and assent of Atkinson, was a release and discharge of Allen, from any claim Atkinson had against Allen, by reason of the contract.

The case at bar is an instance of the absolute release, for a full consideration, of the property sued for. This must necessarily be a release and discharge of all right of action for not conveying the same property.—*Franklin v. Hart, 7 J. J. Marsh, 338; Howard v. Wilmington & Susq. R. Co., 1 Gill., 311; Sigsmun v. Morrow, 6 Iredell, 24; Selby v. Hutchinson, 4 Gilm., 319; DePeyster v. Palon, 3 Barb., Sup. Ct., 284; Raymond v. Bearnard, 12 Johns., 451.*

We ask the question, how the defendant, with any effect, could have tendered a deed, and offered to convey, after the plaintiff, for a consideration, had waived, and by waiver, released his right to a conveyance. We insist that such waiver was not only a rescission, IN PART, but a satisfaction IN FULL, of the contract. In this case, there was no defect in title; and the plaintiff voluntarily put it out of his power to demand, or even to accept, of a conveyance.—*Grove v. Donaldson, 15 Penn., St. R., 128; Parker & Co. v. O'Hern, 8 Md., 197; Haslack v. Mayor, 2 Dutch., 284; Harris v. Bradley, 9 Ind., 166; Wright v. Haskell, 45 Maine, 489; Haldeman v. Chambers, 19 Texas, 1; Attix v. Pelan, 5 Clarke, (Iowa), 336.*

VI. The finding of the Circuit Judge, of damages, was contrary to the facts found.

If we are right in the conclusion, that the plaintiff, having waived a right to a conveyance, released all right to damages, for non-conveyance, then we are right in this proposition.

*O'Brien J. Atkinson,* for defendant in error.

The finding of the Judge shows that the day after the agreement was made, Allen called on Atkinson, to make a deed of the land. He had no abstract of title, and Atkinson asked time to examine the title, offering Allen whatever money he wanted that day. A deed was partly drawn, but not completed, and Allen got angry and left. We insist it was Allen's duty to tender a deed, and until he did so, Atkinson could not be put in default.—*Guthrie v. Thompson, 1 Oregon, 353.*

The Judge finds, that August 20, 1866, Atkinson tendered the purchase money that was to be paid down, and notes and mortgage for the balance, and a deed ready for Allen's signature. Allen refused to convey or receive the money. Atkinson then told him the money would remain in O'Brien J. Atkinson's hands, ready for him, at any time he should choose to accept it. This was sufficient performance to entitle Atkinson to maintain his action.— *Fuller v. Hubbard, 6 Cow., 13 ; Same case, 7 Cow.; Connelly v. Pierce, 7 Wend., 129 ; Camp v. Morse, 5 Denio, 161.*

It was not necessary to keep the tender good. Upon its being made, there was a refusal, which constituted a breach of the contract, and the right of action was complete from that moment.

Until a tender of the deed, and demand of the money, there can be no implied promise to pay interest.—*Beardsly v. Horton, 3 Mich., 560.* If the amount of the tender was

not enough, it should have been refused, for that reason. And the deficiency makes no difference where a sum substantially that required, is tendered, and the refusal is general.—*Carman v. Pultz, 21 N. Y., 547; Hull v. Peters, 7 Barb., 331.*

The plaintiff in error insists that Atkinson waived his right to damages, by his arrangement with Pinkham. This depends upon the construction given to the receipt which he gave to Pinkham. It appears, when this was signed, a bill for specific performance was pending. The suit was discontinued by stipulation with Allen's solicitor, without prejudice. This fact, as well as the words of the receipt itself, shows that the intention was to waive a particular remedy, and pursue another.

The question of waiver is always one of intent.—*Fitch v. Woodruff, 29 Conn.; 2 Pars. Cont., 685, and note.*

Allen has no right to the agreement with Pinkham. It is a matter in which he has no legal interest. He cannot therefore use it as a defense. But even if permitted to use it, it proves no waiver. Even a decree against the complainant, upon a bill for specific performances, will not bar a suit at law for damages.—*Walden v. Tyron, 11 Q. B., 292.* Had the waiver been of performance generally, then there might be some force in the assignment of error. But specific performance has a well-defined meaning—and under the circumstances of the case cannot be misunderstood.

The rule of damages is the difference between the market and contract price, fixing the market price at the time of the breach.—*Hopkins v. Lee, 6 Wheat., 109, 110.* A different rule has been held in N. Y., where the vendor acted in good faith.—*Baldwin v. Munn, 2 Wend., 399; Conger v. Mason, 20 N. Y., 140.* But even these cases do not go to the extent that where the defendant refuses, without excuse, to convey, he will not be liable for the actual damages

And the decided weight of authority is, that even good faith will not affect the damages.—*Sedgwick on Damages, 194; Newson v. Harris, Dudley's (Geo. R.), 180 ; Warren v. Wheeler, 21 Me., 484; Hill v. Hobart, 16 Me., 164.*

COOLEY, J.

The action between these parties in the Court below was by Atkinson against Allen, for breach of a contract, by which the latter undertook to convey to the former a certain parcel of land. It is not disputed that Allen had the title to the land at the time of the contract and the breach, and that he might have complied with his contract had he seen fit to do so. The principal questions in the case are, *first,*—Whether he was excused from performance by the acts of Atkinson, and, if not, then, *second,*—In what damages he is liable for refusal. The Court below held him not excused, and that the damages were to be measured by the value of the land at the time of the breach; and this holding, as to damages, was unquestionably correct under the authorities, unless the case is taken out of the general rule by the special circumstances which the record discloses.

These special circumstances are the following: The sale was for $2,000, one-half payable down, and balance in one and two years. No time was fixed by the contract within which it was to be performed. On the day after its date, Allen, the vendor, went into the office of Atkinson for the purpose of executing a deed in fulfillment of his contract. Some conversation there took place between the parties in regard to the title, which is differently stated by them in their evidence, but the result was that Atkinson declined to take a conveyance until he had made an examination of the title, and Allen got angry and went off. It appears that the record at this time showed a mortgage upon the

land not discharged, and that the mortgagee, named therein, resided in another part of the state. Within a month afterwards, Atkinson, having satisfied himself that the mortgage was actually paid, prepared the proper papers and tendered them to Allen for execution, at the same time tendering payment also of the one-half of the purchase money which was to be paid down. Allen refused at that time to perform the contract, and two or three months afterwards, sold and conveyed the land to one Pinkham for $2500, Atkinson having previously filed a bill against Allen for specific performance. Before Pinkham received his deed, however, Atkinson, at Pinkham's request, made an arrangement with him, which was evidenced by a receipt in the following words: "Received of Geo. W. Pinkham $100, for which I waive my right to a specific performance of a contract dated July 20th, 1866, between myself and John Allen, and agree to look to John Allen personally for any damage resulting to me by reason of said contract. John Atkinson. Port Huron, November 30th, 1866." And thereupon, the solicitor for Allen stipulated that Atkinson's bill might be dismissed without prejudice, and it was dismissed accordingly, and the present suit instituted.

It is claimed on behalf of Allen that Atkinson waived his rights under the contract when he declined to make payment and receive the deed the day after the contract was entered into. This suggests the inquiry whether a vendee of lands, who has not stipulated for an abstract of title, or for a preliminary examination, is entitled to demand such an abstract, or at least to take time for such examination, before making payment.

The contract in the present case is in the following very concise form: "Memorandum of an agreement made the 20th day of July, 1866, between John Allen and John Atkinson, both of St. Clair County, witnesseth: That said

John Allen has this day sold to the said John Atkinson all that piece or parcel of land contained within the enclosure, on the corner of Seventh and Pine streets, for which the said John Atkinson is to pay the sum of two thousand dollars; $1000 down, and $1000 in two equal annual payments, with interest at ten per cent per annum." Nothing is said here about the title, but the parties evidently assume that it is unquestionable, and negotiate on that basis.

I think it well settled in this country, where title deeds are recorded and open to the inspection of all parties, that when one contracts to sell and convey lands and the contract is silent concerning the title, it is to be assumed that the title is good, and that it devolves upon the vendee, if he questions it, to show the defect. Such was the opinion expressed by this Court in *Dwight v. Cutler, 3 Mich., 566, 576,* and the cases of *Breithaupt v. Thurmond, 3 Rich., 216,* and *Brown v. Bellows, 4 Pick., 179,* there relied upon, fully sustain this decision. But the vendee had an undoubted right to a good title, and to a deed with proper covenants; *Dwight v. Cutler, ut supra,* and cases cited; and he had a right also to insist that the title should be a marketable one, not open to reasonable objection.—*Freetly v. Barnhart, 51 Penn. St., 279.*

Now, although in this case it is to be assumed, in the absence of any showing, that the title was good, and Atkinson had no right to demand time for investigation, yet when he shows an apparent encumbrance of record, the aspect of the case is changed, and the most that the vendor can insist upon is, that he shall satisfy himself within a reasonable time whether the apparent encumbrance is a valid one or not. It would be out of all reason to insist that the vendee, at his peril, should take a title apparently encumbered, and that the vendor should have a

21 MICH.—T².

right to demand the immediate performance of the contract by the vendee, when apparently his own deed would be insufficient to give the complete title he had agreed to convey. Nor do I think thirty days was an unreasonable time to take for this purpose, when the mortgagee resided at a distance, and when it does not appear that the situation of the parties had in the meantime been changed, or that anything had occurred to render the contract less fair and equal than it was when entered into.

The tender of performance by the vendee was made on the twentieth day of August, 1866, and the money was placed in the hands of a third person, to be paid over to Allen, in case he afterwards concluded to take it. It is objected that the tender is not shown to have been kept good, and that the money was not brought into court; but this was not essential. A right of action accrued the moment there was a breach by refusal to convey on demand accompanied by the proper tender; and the acceptance or non-acceptance of the money by Allen afterwards would only affect the amount of damages. If he accepted it, Atkinson would be entitled to recover it back, but in truth he had no right to take it except upon the condition of a simultaneous delivery of a deed.

It was also objected that the tender was insufficient, because not including interest for the month that had elapsed after the making of the contract. No objection was taken on this ground at the time, and I think it untenable now. The contract did not call for interest, but was to be performed in a reasonable time. That reasonable time would have been immediately, had no defect appeared in the title; but under the circumstances the delay was warranted, and it was not within the contemplation of the parties that interest should be paid so long as the vendee was not in default. The tender, in my opinion, was all that was required.

ALLEN v. ATKINSON.

The remaining question is, whether the arrangement between Atkinson and Pinkham released Allen. Such was certainly not the intention of the parties, as is proved by the receipt given, and also by the stipulation for discontinuance. There was no accord and satisfaction in the case, and Allen was not in any way a party to the arrangement. It did not amount to an assent to the non-conveyance of the land to Atkinson, for Allen had already refused to convey, and had persisted in the refusal, notwithstanding the suit brought against him. The arrangement, in brief, was that Atkinson, who had a choice of two remedies, should pursue one instead of the other; and as Allen could have no voice in determining which should be chosen, and no right to insist that he should be pursued in the court of equity rather than the court of law, and, consequently, could not possibly be prejudiced by the arrangement, neither, on the other hand, has he any right to claim an advantage from it. It was an arrangement by which Pinkham, acting solely on his own behalf, and from a regard to his own interest, relieved himself from a prospective lawsuit; and by which Atkinson made that same choice of remedies which he had an undoubted right to make, irrespective of the arrangement with Pinkham.

As Allen refused to perform when it was in his power to do so, and without legal excuse, there can be no question, on the authorities, that the rule of damages adopted in the Court below was the correct one. If the vendor willfully refuses to perform his contract, he must place his vendee, as near as money can do so, in the same position in which he would have been if he had obtained that for which he contracted.—*Cannel v. McClean*, 6 H. & J., 297; *Hopkins v. Yowell*, 5 Yerg., 305; *Dustin v. Newcomer*, 8 Ohio, 49; *Trull v. Granger*, 8 N. Y., 115; *Engel v. Fitch*, L. R., 3 Q. B., 314; same case in Exchequer

*Chamber, L. R., 4 Q. B., 659; Martin v. Wright, 21 Ga., 504; Cox v. Henry, 32 Penn. St., 18; Burr v. Todd, 41 Penn. St., 206; Foley v. McKeegan, 4 Iowa, 1; Pumpelly v. Phelps, 40 N. Y., 59.*

I think the judgment of the Court below should be affirmed.

The other Justices concurred.