JACKIEWICZ *v.* SIWKA.

ASSIGNMENTS—MORTGAGES—CONVEYANCE OF LAND CONTRACT AS SECURITY.

Evidence tending to prove complainant's averments that an assignment of a land contract to defendant, by complainant's wife, was intended as security only, *held*, to sustain the decree of the lower court finding the assignment was intended as a mortgage to secure a loan.

Appeal from Wayne; Murphy, J. Submitted November 13, 1914. (Docket No. 1.) Decided July 23, 1915.

Bill by Victor Jackiewicz against John Siwka and others for an accounting and other equitable relief. From a decree for complainant defendant Siwka appeals. Affirmed and remanded for an accounting, etc.

*August Cyrowski,* for complainant.

*Clarence P. Mulligan,* for defendant Siwka.

McALVAY, J. The bill of complaint in this case was filed, praying that a certain assignment of a land contract made by complainant's wife to defendant Siwka be decreed to be a mortgage, and for an accounting with said defendant, and that upon payment of the debt due him said mortgage be decreed to be discharged; also that a certain assignment of said land contract by defendant Siwka to defendants John Bugajski and Anna Bugajski, his wife, be decreed to be null and void, and that said last-mentioned defendants be required to surrender possession of the premises to complainant. The premises involved were a house and lot in the city of Detroit. Defendants Siwka and

Bugajski and wife filed separate answers. To these answers replications were filed by complainant. The cause came on to be heard, and proofs were taken in open court. A decree in accordance with the relief prayed was granted complainant. Defendant Siwka has appealed.

An examination of the evidence contained in the record shows that the facts in the case, with one exception, are undisputed. We find that on May 31, 1907, complainant and Veronica Jackiewicz, his wife, purchased from George Martz the lot described in the bill of complaint for the sum of $775, and later Mr. Martz advanced $2,500 to them for the purpose of building a house thereon for complainant and wife. Joseph Jurczyk, an agent for Mr. Martz and a building contractor, erected the house on these premises, and because complainant paid only $625 of the $775, the purchase price, by agreement between the parties, on June 15, 1907, he took from Mr. Martz the land contract in question in his own name. Mr. Martz advanced also $150 balance of the purchase price of the lot to Jurczyk, and added it to the $2,500 on the contract, making the total amount $2,650. On November 16, 1907, Jurczyk assigned this land contract to complainant's wife. Complainant at that time was in Spokane, Wash., having gone there September 3, 1907. Shortly before this, complainant's wife, Veronica, who had made arrangements to go to Spokane, went to defendant Siwka and asked him to let her have $100 for the purpose of obtaining transportation for herself and children to Spokane, Wash. After ascertaining that Jurczyk held this contract, Siwka asked him to transfer it, and went with him and Mrs. Jackiewicz to Mr. Martz's office, where the transfers of this contract from Jurczyk to complainant's wife and from her to defendant Siwka were made. This assignment to defendant Siwka appears to have been made for

the nominal sum of $1. It is admitted by all the parties concerned that he paid Mrs. Jackiewicz at that time the sum of $100.

It is the claim of complainant that defendant Siwka took this assignment as security for the loan of $100, and that it was agreed he would look after the property, and out of the rents pay taxes and repairs, interest, and principal on the Martz contract, his commissions, and apply any surplus upon the $100 received from him, and render an account of all moneys received and expended in connection with it. Defendant Siwka claims that he bought the contract outright from Mrs. Jackiewicz. A short time after she received this $100 from defendant Siwka, Mrs. Jackiewicz left Detroit with her children and joined her husband in Spokane. On December 29, 1909, at Spokane, Wash., Mrs. Jackiewicz executed and delivered to complainant, her husband, a quitclaim deed of this property. On January 27, 1910, he came to Detroit, and on the following day saw defendant Siwka, showed him this deed, and demanded a settlement and accounting. This was refused; the claim made by Siwka being that he had purchased the contract outright.

The only dispute in this case is whether or not the assignment was made to defendant Siwka as security for the loan of the $100 he furnished at the time it was made. The record is full of evidence tending to show that the agreement made between him and Mrs. Jackiewicz was as is claimed by complainant. Siwka wrote letters containing statements of account in which he acknowledged receipt of letters from her asking for such statements. He admits in his testimony that he agreed to account to her for rents received and expenses incurred. He admits that he told Mrs. Jackiewicz, if she paid him the $100 within a year, she could have the contract back, but claims that this was not in writing, and the money was not paid within that

time. The evidence is overwhelming and convincing that he took this contract as security for the loan, and that his claim to the contrary is an afterthought. On February 1, 1910, defendant Siwka conveyed the premises in question by land contract to defendants John Bugajski and wife for the stated consideration of $3,000 and delivered up to them possession thereof, which continued up to and after the commencement of this suit.

It was the contention of complainant, and so found by the court, that these defendants were not good-faith purchasers without notice; that at the time they purchased under this land contract they had notice that Siwka was not the owner of these premises and should be charged with knowledge of that fact. The learned trial judge in his decision of the case went into the facts most thoroughly, and granted a decree in favor of the complainant. An examination of this record satisfies us that such conclusion is in all respects supported by the record.

The decree of the circuit court is affirmed, with costs, and the record is remanded to the circuit court for an accounting before the circuit court commissioner in accordance with the terms of said decree.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.