BUGAJSKI *v.* SIWKA.

1. VENDOR AND PURCHASER—TIME OF PERFORMANCE—EXTENSION—
   FORFEITURE—WAIVER.

   The parties to a land contract may by oral agreement extend the time originally stipulated for the payment thereunder, and such agreement operates as a waiver of the vendor of the right to rescind or forfeit for failure of the vendee to comply strictly with its provisions providing for payment.

2. SAME—FAILURE OF VENDOR'S TITLE—RIGHTS OF VENDEE—FORFEITURE.

   Where the vendor's title to premises agreed to be conveyed by a land contract was decreed to be void in a chancery case, the vendees had the right to make terms with the holder of the legal title without forfeiting their right to recover damages for the breach of the contract to convey.

3. SAME—BREACH OF CONTRACT—PAYMENT—TENDER.

   Where the vendor's power to perform was rendered impossible by reason of a decree in chancery extinguishing his title, the vendees were excused from tendering payment.

4. SAME—BREACH OF CONTRACT—MEASURE OF DAMAGES.

   In an action by the vendees for damages for the breach of a land contract, where the vendor never had any title to the premises he agreed to convey and was unable to perform, the measure of damages is the difference between the actual value of the premises at the time of the breach and the sum agreed to be paid by the terms of the contract.

Error to Wayne; Mandell, J. Submitted January 24, 1918. (Docket No. 190.) Decided March 27, 1918.

Assumpsit by John Bugajski and another against John Siwka for breach of a land contract. Judgment for plaintiff on a directed verdict for less than the amount claimed. Plaintiffs bring error. Reversed.

*E. A. Fink* and *B. F. Mostowski,* for appellants.

*John Kaminski* (*August Cyrowski,* of counsel), for appellee.

STONE, J. Action of assumpsit to recover damages for nonperformance by the defendant, the vendor, of a written land contract. The parties are all Polish people. On or about February 1, 1910, the plaintiffs, husband and wife, being desirous of purchasing a home for themselves, went to the defendant, who claimed to be the owner of a house and lot known as No. 1271 Chene street in the city of Detroit. After an examination of the premises a written contract was entered into by the parties, bearing date February 1, 1910. By the terms of the contract the defendant (party of the first part) in consideration of the sum of $3,000 to be to him duly paid, agreed to sell to the plaintiffs (parties of the second part) the premises, describing them, for the said sum, which the plaintiffs agreed to pay as follows: $300 at the date thereof, and the remaining $2,700 to be paid in instalments of $50, or more, each and every 6 months thereafter, with the agreement that the total amount due under the contract was to be paid within 3 years from the date thereof, with interest on all sums at any time unpaid thereon at the rate of 6 per cent. per annum till paid, payable semi-annually from the date thereof. Plaintiffs also agreed to pay all taxes and assessments that should be taxed or assessed on said premises. Also insurance upon the building, in manner and amount approved by the defendant.

It was further provided in said contract, that on receiving the said payments in full, the defendant should, at his own proper cost and expense, execute and deliver to the plaintiffs, or to their assigns, a good and sufficient conveyance, in fee simple, of said described premises, free and clear of, and from, all liens

and incumbrances. The plaintiffs were to have possession of the premises on and after the date of the contract, while they should not be in default on their part in carrying out the terms thereof.

The initial payment made was $350 instead of $300. The indorsements on the contract in evidence show that payments were regularly made of $50 and interest every 6 months for 3 years to February, 1913, after which date only interest payments were made every 6 months, for 2½ years longer. During all of the time plaintiffs also paid insurance and taxes, and kept up the property, and made some improvements thereon.

After going into possession, the plaintiffs heard some rumor respecting defendant's title to the property. They went to defendant about it, and he told them he was the owner.

On June 13, 1912, one Victor Jackiewicz filed a bill in the Wayne circuit court, in chancery, against John Siwka, the defendant, making these plaintiffs also defendants, claiming title to the property. The decree in that case (affirmed on appeal in this court in 187 Mich. 165) confirmed title to the property in question in said Jackiewicz, and was to the effect that defendant had no title, and hence that the plaintiffs in the instant case had no rights in the property under their said contract of purchase. Pursuant to such decree, Jackiewicz obtained a writ of assistance and dispossessed plaintiffs; or rather, compelled them to pay him rent, as his tenants, beginning September 1, 1915.

During the pendency of the chancery case, plaintiffs herein remained in possession of the premises, paying the taxes, insurance, and other charges upon the property, and defendant regularly collected from them the payments provided for in the land contract, except that after the regular payment of February 1, 1913,

200—Mich.—27.

he told plaintiffs they need pay nothing further on the principal until the chancery case was decided.

Thereafter they paid defendant only the interest on the contract balance every 6 months up to August 1, 1915. After September 1, 1915, the plaintiffs were obliged to either surrender possession or pay rent to Jackiewicz, and they accordingly paid him rent thereafter. All rights in the property were lost to the plaintiffs. They went to the defendant about it. At first he told them he would settle the matter with them in some way, but he never did, and finally said to them: "We can't settle it. The court will settle the matter for us."

About six months later, being unable to bring defendant to any settlement, plaintiffs brought this suit, claiming damages for the difference between what they still owed defendant, under their contract, and the value of the property at the time of their dispossession of it. There were two special counts and also the common counts in the declaration. In the first count, after setting forth the contract, it was alleged that the representations of the defendant that he was the owner of the premises were not true, and were fraudulently made by him, knowing them to be false; and that the plaintiffs, by reason of the misrepresentations and frauds so practiced upon them by the said defendant, have lost all of the money which they paid to the said defendant under said contract, as well as all improvements made upon the premises, and also the increase in value of the said premises over and above the price which they agreed to pay therefor, etc.

The second count, although charging no misrepresentations or fraud alleges that the title of said defendant to said premises had wholly failed, and that Victor Jackiewicz had established a superior and paramount title, by virtue of which plaintiffs had been

divested of their right of possession, and that defendant had been rendered unable to perform his said agreement, claiming damages, as in the first count stated.

Upon the trial, plaintiffs offered evidence of the value of the premises, and tending to show that the property had greatly increased in value between the date of the contract and the time the plaintiffs had been dispossessed; claiming upwards of $5,000 damages, and that the property had actually been sold for $7,000.

At the conclusion of the testimony, the trial court, in effect, held that plaintiffs were not entitled to recover any of said alleged damages, but could recover only the money they had paid, less the benefits received by the use of the property, because, before the commencement of their suit, they did not tender to defendant, the full amount, or balance, then due and unpaid under the contract, and directed a verdict and judgment in favor of the plaintiffs for $547.96 only.

The plaintiffs have brought error, and this action of the trial court in denying to plaintiffs recovery of their damages, and limiting them in their recovery to the money they had paid, less their benefits, constitutes the principal error assigned and relied upon.

It was competent for the parties by oral agreement to extend the time originally stipulated in the contract for the payment of the instalment of principal thereof, and this agreement operated as a waiver of the vendor of the right to rescind, or forfeit the contract for the failure of the purchaser to comply strictly with the terms thereof, relating to payments. 39 Cyc. p. 1393, and cases cited in note, including *Ortmann* v. *National Bank*, 49 Mich. 56.

When defendant's title had become extinguished, plaintiffs had the right to make terms with the holder

of the legal title, for possession of the premises. *Harrington* v. *Sheldon*, 196 Mich. 388.

By virtue of the decree in the chancery case the defendant's title was extinguished, and it was not in his power to perform his contract, and the plaintiffs were excused from tendering payment. *Morange* v. *Morris*, 3 Keyes (N. Y.), 48; *Lowe* v. *Harwood*, 139 Mass. 133.

The purchase money need not be tendered by the vendee, when the vendor is unable to convey the land. 28 Am. & Eng. Enc. Law (2d Ed.), p. 9, and cases cited in note.

"The fact that the vendor has no title to the land, or is for any reason unable to perform, will relieve the purchaser from his obligation to pay, or tender the purchase-money, but it will not exempt the vendor from his obligation to convey or tender a conveyance, or discharge him from liability to an action for damages for breach of contract, unless he is excused under the terms of his contract. Therefore, if one contracting to sell land to which he has no title at the time of the contract is unable to procure title from the owner, so that he cannot comply with his contract to convey, this does not excuse his default, and he will be liable to a suit on the contract, unless he protects himself by the terms of the contract." 39 Cyc. p. 1544, and cases cited in note, including *Miller* v. *Smith*, 140 Mich. 524.

It would have been entirely useless to make the tender, and demand a deed. The law will not indulge in idle formalities.

There was evidence tending to show a wilful breach on the part of the defendant. He never had title to the premises.

We are of the opinion that under our own cases, the plaintiffs were entitled to maintain this action, and that their measure of damages is the difference between the actual value of the premises at the time of the breach, and the sum agreed to be paid by the

terms of the contract. *Allen* v. *Atkinson,* 21 Mich. 351; *Way* v. *Root,* 174 Mich. 418.

The judgment of the circuit court is reversed, with costs to appellants, and a new trial is granted.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.