CRAINE v. MILLER.

1. SPECIFIC PERFORMANCE — VENDOR'S INABILITY TO PERFORM, OF WHICH VENDEE HAD NO NOTICE, JUSTIFIES MONEY DAMAGES.

    Where, at the time vendee filed his bill for specific performance of land contract, he had neither actual nor constructive notice of the inability of the vendor's grantee to perform, which fact was developed on the trial, the court was justified in receiving evidence on the question of damage and decreeing payment thereof.

2. SAME—MEASURE OF DAMAGES WHERE VENDOR UNABLE TO PERFORM—VENDOR AND PURCHASER.

    Where the vendor's grantee, by subsequent sale of the premises to innocent purchasers, voluntarily placed itself in the position of never having had any title thereto, the vendee's measure of damages is the difference between the actual value of the premises at the time of the breach and the sum agreed to be paid by the terms of the contract.

Cross-appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted April 21, 1927. (Docket No. 159.) Decided October 3, 1927.

Bill by Benjamin H. Craine against J. Thompson Miller, the Wark-Gilbert Company, and the Union Trust Company for specific performance of land contracts. From the decree rendered, plaintiff and defendant Wark-Gilbert Company appeal. Bill dismissed as to defendants Miller and the Union Trust Company and affirmed as to defendant Wark-Gilbert Company.

*Friedman, Meyers & Keys,* for plaintiff.

*Leroy J. Gilbert,* for defendants.

SNOW, J. The plaintiff, at the time of the commencement of this suit, owned the vendees' interest in

---

[1]Specific Performance, 36 Cyc. p. 748; [2]Vendor and Purchaser, 39 Cyc. p. 2108; 16 L. R. A. (N. S.) 768; 27 R. C. L. 631; 5 R. C. L. Supp. 1480; 6 R. C. L. Supp. 1664.

two land contracts, each for the sale of a lot in what is called Ecorse Manor subdivision in Ecorse township, Wayne county.  The contracts were made in 1918, and had come down to him through several assignments.  Defendant Wark-Gilbert Company, a Michigan corporation, was the record title owner of the lots and assignee of the vendor's interest in the contracts, subject to a trust mortgage to the Union Trust Company.

The bill was filed to compel the Wark-Gilbert Company to specifically perform the contracts by deeding the lots to plaintiff after he had tendered the unpaid balance thereon.

The trial court found that defendant was not in position to specifically perform, and awarded plaintiff damages for breach of contract in lieu thereof.

Both plaintiff and defendant Wark-Gilbert Company have appealed, but we take from their briefs that neither is dissatisfied with the conclusion of the court that the defendant had sold the lots and could not specifically perform.  They state their claims as follows:

Plaintiff says:

"We find no fault with the decree filed and entered in this case, except as to the amount decreed to be paid by the defendant to the plaintiff.  We believe that instead of the amount being $1,200, as is provided for in the decree, it should be $1,685.14, together with interest from May 13, 1924, and the claim of appeal was filed in behalf of the plaintiff for the purpose of modifying the decree in that respect."

Defendant says:

"Our sole argument is that plaintiff in this case should have been required to start an action in law to recover the value of the lots inasmuch as the trial judge found that the defendant Wark-Gilbert Company was unable to comply with a decree for specific performance, and in support of our theory, we refer to 36 Cyc. p. 747."

To sustain defendant's position, it relies upon *Robinson* v. *Campbell*, 222 Mich. 111, and *Farson* v. *Fogg*, 205 Ill. 326 (68 N. E. 755). In each of these cases the impossibility of performance on the part of defendant was known to plaintiff when he filed his bill. In the instant case plaintiff had neither actual nor constructive notice of the inability. of defendant to perform. This developed for the first time upon the trial. It was not even claimed in defendants' answer. The distinction between two such situations is apparent and clearly pointed out by Justice STEERE in *Robinson* v. *Campbell, supra.* When it appeared from the proof that defendant had sold the property to innocent purchasers, the court was justified in receiving evidence on the question of damage and in decreeing payment thereof, the only remaining question being the measure and amount thereof. By such sale it voluntarily placed itself in the position of never having had any title to the premises at all. In such case the measure of damages is the difference between the actual value of the premises at the time of the breach, and the sum agreed to be paid by the terms of the contract. *Bugajski* v. *Siwka,* 200 Mich. 420, and cases there cited. There was sharp conflict in the evidence as to the value of the property, making the amount of damages difficult of adjustment. But determining it by the foregoing rule, we do not feel that the chancellor's award of $1,200 was at all amiss.

A decree may therefore be entered providing for the payment to plaintiff by defendant Wark-Gilbert Company of such sum as damages for the breach of the land contracts. The bill will be dismissed as to defendants J. Thompson Miller and the Union Trust Company. Plaintiff will recover costs against defendant Wark-Gilbert Company.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.