BUCUSS v. SCHULER.

VENDOR AND PURCHASER—BREACH OF CONTRACT—MEASURE OF DAMAGES.

Measure of damages for vendor's breach of contract to convey land is difference between market value of land at time of breach and contract price thereof.

Appeal from Muskegon; Vanderwerp (John), J. Submitted April 23, 1931. (Docket No. 117, Calendar No. 35,636.) Decided June 1, 1931. Rehearing denied September 10, 1931.

Assumpsit by Charles E. Bucuss and another against Mathilda Schuler for breach of a contract to convey land. Judgment for plaintiffs. Defendant appeals. Reversed, and new trial granted.

*Alexis J. Rogoski,* for plaintiffs.

*Turner, Engle & Cochran,* for defendant.

Measure of recovery by vendee under executory contract for purchase of real property where vendor is unable or refuses to convey, see annotation in 48 A. L. R. 14.

WIEST, J.  Defendant owned 103 acres of land in the township of Laketon, Muskegon county.  February 14, 1928, she gave an oil and gas lease, covering the tract, to certain parties for a term of one year or, ''as long thereafter as oil and gas, or either of them is produced from the leased premises by the lessees.''  August 10, 1928, with such lease outstanding, she sold five acres of the tract to plaintiffs under land contract for $900, of which $100 was paid down and $10, or more, to be paid per month.  The next month oil was discovered in the township, and, December 5, 1928, a producing oil well was upon defendant's property not covered by the land contract.  This well extended the oil and gas lease indefinitely, and barred defendant from conveying title in fee simple to plaintiffs, as agreed in the land contract.  January 30, 1929, speculation in oil leases in the vicinity became rife and bonuses for such leases were offered and plaintiffs tendered full payment of the land contract and demanded full title.  Defendant could not convey title, except subject to the oil lease she had granted others.  Thereupon plaintiffs brought this suit to recover damages for breach of the land contract, and had verdict and judgment for $4,790, predicated upon the claim that, on January 30, 1929, full title would have enabled them to obtain from $1,000 to $1,500 per acre as bonus for an oil lease.  Defendant, by appeal, contends that such damages are purely speculative and the true measure, not shown at the trial, is the market value of the land at the date of the breach, less the contract price.  Defendant's breach of the contract is admitted, and the question presented is the measure of damages.

Courts of this country have expressed great diversity of opinion on this subject.  See 48 A. L.

R. 12. Much of the dispute in the case at bar centers upon what is meant by loss to plaintiffs of their bargain.

Defendant, of course, was aware of the oil lease she had executed a few months previously. The life of that lease, beyond a year, was contingent. That fact, however, is of no help to defendant, for she unconditionally contracted full title to plaintiffs. The record does not disclose bad faith or fraud and cannot be supplemented by reference to *Schuler* v. *Bucuss,* 253 Mich. 479, where we denied reformation of this land contract. Plaintiffs' bargain was to have title in fee to this five acres of land upon payment of $900. The bargain was lost on January 30, 1929. The bargain was worth at that time the market value of the land less what they had to pay. See *Hammond* v. *Hannin,* 21 Mich. 374 (4 Am. Rep. 490). See, also, *Allen* v. *Atkinson,* 21 Mich. 351; *Way* v. *Root,* 174 Mich. 418; *Bugajski* v. *Siwka,* 200 Mich. 415; *Droppers* v. *Marshall,* 203 Mich. 173 (4 A. L. R. 1266).

The rule applicable to the case at bar is well expressed in the following quotation from *Matthews* v. *LaPrade,* 144 Va. 795, 808 (130 S. E. 788):

"The measure of damages a vendee is entitled to recover when he brings himself within the exceptions to the general rule in cases of this character; namely, if the jury believed from the evidence that the defendant acted in bad faith; or knew, or should have known, that he could not comply with his undertaking; or if his contract required the consent or signature of a third person to render his deed effective; or if he made the contract without title in the land, in expectation of subsequently being able to acquire it, and was unable to fulfill by reason of causes so known, as the want of concurrence of a

third person; the plaintiff is entitled to recover as general damages the difference, if any, between the contract price and the market price at the time of the alleged breach, or in other words, for the loss of his bargain.''

Under this record plaintiff was not entitled to recover damages of the nature awarded. The court excluded testimony offered by defendant relative to plaintiffs' purpose in purchasing.

In *Kelly* v. *Simon* (Tex. Civ. App.), 262 S. W. 202, a vendor was unable to deliver marketable title because of an outstanding oil lease. In that case the vendee contended that he was entitled to recover the profits he might have made from a resale of the property. The court stated:

''There is no merit in this contention, for there is neither allegation nor proof of fraud inducing the contract, and it is not pretended at the time the contract was made that such special damages might probably accrue. * * *.

''* * * To recover special damages, it must be alleged and proven that it was the purpose and intention of the appellant (vendee) to resell the property at some enhanced value, known to the appellees (vendor) at the time of making the contract.''— Citing, among other cases, *Hammond* v. *Hannin, supra*.

We do not think the record sustains the contention that the parties ''necessarily contemplated that the approximate result of a failure on defendant's part to convey the land to plaintiffs free from an oil and gas lease would be to deprive plaintiffs of any bonus or income they might receive from leasing the land for oil and gas, and would operate to deprive plaintiffs of the benefit of their bargain.'' Plaintiffs received no offer of bonus for an oil lease,

and the fact that bonuses were offered for oil leases on other lands is too speculative to warrant a finding that, had plaintiffs' land been free, a bonus in like sum, or in any sum, would have been obtainable by plaintiffs. If the land in question was actually in demand for oil production purposes at the time of the breach this should have been reflected in the market value and established by proof, and it was error to permit recovery otherwise.

The judgment is reversed, and a new trial granted, with costs to defendant.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.