SMITH *v.* HUBERT LAND CO.

1. COMMON LAW—IDLE FORMALITIES.
   Law will not indulge in or require idle formalities.

2. VENDOR AND PURCHASER—RESCISSION—TENDER.
   Where vendor did not have good title, and was therefore unable to convey, it was not necessary prerequisite to rescission for vendee to tender remainder due on contract and demand deed; tender of reconveyance and demand for return of money paid being sufficient.

3. Same—Tender of Deed After Rescission Too Late.

Where vendee rescinded contract because vendor could not convey good title, and began action to recover money paid thereunder, tender of deed thereafter by vendor came too late.

Appeal from Wayne; Collingwood (Charles B.), J., presiding. Submitted October 7, 1932. (Docket No. 48, Calendar No. 36,733.) Decided January 3, 1933.

Assumpsit by Silas J. Smith against Hubert Land Company, a Michigan corporation, for sums paid on a land contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*Sidney K. Meyer,* for plaintiff.

*Nedwin L. Smokler* (*Sylvan Rapaport* and *Marcus Howard,* of counsel), for defendant.

Clark, J. Plaintiff, purchaser in an executory land contract, rescinded and sued at law, and had judgment in a trial without a jury. Defendant has appealed.

The remainder of the purchase price was due and payable. Plaintiff learned that defendant did not have good title, that its interest or equity was incumbered in an amount largely in excess of the remainder due on the contract. He talked with defendant's president, who asked time, a week or ten days. Plaintiff replied it might have 30 days. In 32 days plaintiff returned, to find nothing done and to receive from defendant's president the statement, "I have not seen that man yet, but I will see him some time."

Plaintiff tendered reconveyance, and demanded return of what had been paid and was refused. This suit followed.

It would have been entirely useless for plaintiff to have tendered the remainder due on the contract and to have demanded a deed. The law will not indulge in or require idle formalities. *Bugajski* v. *Siwka*, 200 Mich. 415.

After rescission and after action at law had been commenced, defendant tendered deed. It came too late. *Going* v. *Oakland County Agricultural Society*, 117 Mich. 230.

A third question is attempted, but it is beside the record and merits no discussion.

Affirmed.

McDonald, C. J., and Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.