PORT INVESTMENT COMPANY *v.* ANDERSON

1. APPEAL AND ERROR—NONJURY TRIAL—FINDINGS OF FACT—APPELLATE REVIEW.
   The Court of Appeals will not disturb the findings of a trial judge sitting as a trier of fact unless they are clearly erroneous (GCR 1963, 517.1).

2. VENDOR AND PURCHASER—BREACH OF CONTRACT—MEASURE OF DAMAGES.
   The measure of damages for a breach of contract for the sale of real property is the difference between the contract price and the value of the property at the time the agreement was breached.

3. VENDOR AND PURCHASER—BREACH OF CONTRACT—DAMAGES.
   The plaintiff is not awarded damages for the defendant's breach of a contract for the sale of real property where the contract price was $7000 and the value determined by the sale price at the time the contract was breached was $7000.

Appeal from Wayne, Thomas J. Murphy, J. Submitted Division 1 February 10, 1970, at Detroit. (Docket No. 7,314.) Decided March 31, 1970.

Complaint by Port Investment Company, a Michigan corporation, against Clara A. Anderson, Helen Peczynski, John Doe and Mary Roe for specific performance or damages on a contract for the sale of land. Judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 839.
[2, 3] 55 Am Jur, Vendor and Purchaser § 555.

*Lebenbom, Handler & Morganroth,* for plaintiff.

*Archer, Kenney & Wilson,* for defendants.

Before: QUINN, P. J., and R. B. BURNS and FITZ-GERALD, JJ.

PER CURIAM. Plaintiff and defendant Clara Anderson entered into a contract whereby defendant Anderson agreed to sell a parcel of property to plaintiff for $7,000. Before the consummation of the agreement Anderson sold the property to defendant Peczynski for $7,000. Plaintiff filed suit for specific performance of the contract claiming Peczynski was not a good-faith purchaser, but had knowledge of the prior contract. It asked in the alternative that it be awarded damages if the court found Peczynski was a good-faith purchaser.

The trial court found that Peczynski was a good-faith purchaser, and the record contains sufficient facts to uphold the decision. This Court will not disturb the findings of a trial judge sitting as the trier of fact unless they are clearly erroneous. GCR 1963, 517.1; *Sears Roebuck & Company* v. *Thomas* (1966), 3 Mich App 539.

The trial court further found that defendant Anderson broke the contract and that the plaintiff was entitled to the difference between the contract price and the value of the property at the time the agreement was breached. The contract price was $7,000 and the value as determined by the sale price to Mrs. Peczynski was $7,000. Therefore the plaintiff was not awarded any damages. The trial court correctly applied the law in the present case. *Zimmerman* v. *Miller* (1919), 206 Mich 599; *Craine* v. *Miller* (1927), 240 Mich 357; *Bucuss* v. *Schuler* (1931), 254 Mich 690.

Affirmed. Costs to defendants.