SEARS, ROEBUCK & COMPANY v. THOMAS.

1. Fraud—Bankrupt—Charge Account.

Finding of trial court that plaintiff corporation failed to establish that defendant fraudulently incurred indebtedness in making purchases on his charge account in excess of limitations imposed by plaintiff *held,* amply supported by record, hence, later discharge in bankruptcy made defendant immune from judgment.

2. Appeal and Error—Nonjury Cases.

Nonjury cases at law are not reviewed by the Court of Appeals *de novo* and it takes such a glaring error by the trial court to afford occasion for reversal on a finding of fact in such a case that it can be said that the judgment is clearly erroneous (GCR 1963, 810).

Appeal from Common Pleas Court of Detroit; Vokes (David C.), J. Submitted Division 1 February 10, 1966. (Docket No. 1,082.) Decided June 28, 1966.

Declaration by Sears, Roebuck & Company, a New York corporation, against Robert Thomas for failure to pay an installment charge account. Defendant's motion for judgment granted at the close of plaintiff's proofs. Plaintiff appeals. Affirmed.

*Balfour D. Peisner,* for plaintiff.

*Adams & Sims (Wallace A. Sims,* of counsel), for defendant.

References for Points in Headnotes
[1] 9 Am Jur 2d, Bankruptcy § 745.
[2] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*

J. H. GILLIS, P. J.   The late Judge WATTS concurred in the results of this decision and the reasoning set forth herein, although he did not sign the opinion prior to his death.

Plaintiff filed a suit against the defendant with counts in assumpsit and trespass, alleging in the latter count that the defendant fraudulently incurred credit in excess of limitations imposed by plaintiff at the time the defendant was originally authorized to make credit purchases.   After suit was commenced, but before trial, the defendant was adjudicated a bankrupt in the United States district court.   At trial, on July 8, 1965, in view of the adjudication of bankruptcy, the defendant was immune from judgment based on an assumpsit action. At the conclusion of plaintiff's proofs, the defendant moved for judgment of no cause for action.   The trial court resolved the issues of fact in favor of the defendant and granted the defendant's motion.

As pointed out in *Kevreson* v. *Michigan Consolidated Gas Company* (1965), 374 Mich 465 at page 467, we adhere to the holding set forth in *Schneider* v. *Pomerville* (1957), 348 Mich 49, *Northwest Auto Co.* v. *Mulligan Lincoln-Mercury, Inc.* (1957), 348 Mich 279, and in *Barnes* v. *Beck* (1957), 348 Mich 286.[*]   The record amply supports the trial judge's finding that the plaintiff failed to establish that the defendant fraudulently incurred the indebtedness.

Affirmed.   Costs to defendant.

FITZGERALD, J., concurred.

---

[*] See, also, GCR 1963, 810 (373 Mich xlviii).—REPORTER.