ASSOCIATES CONSUMER FINANCE *v.* CRAPO

1. Bankruptcy—Federal Bankruptcy Act—Discharge—Debts—Exceptions—Fraud.

   A discharge in bankruptcy under the federal bankruptcy act does not release a bankrupt from any debts acquired through fraud (11 USCA § 35).

2. Fraud — Intent — Evidence — Financial Statement — Falsity — Materiality — Knowledge.

   An intent to defraud plaintiff finance company was sufficiently evidenced by defendants' failure to list all of their creditors on a financial statement to obtain a loan where the resulting debt total was not a true statement of their outstanding debts, and defendant-wife testified that she knew that their financial statement was false when she signed it.

3. Fraud—Evidence—Financial Statement—Falsity—Reliance.

   Reliance upon defendants' false financial statement was sufficiently shown by testimony of plaintiff loan company's manager that he relied upon defendants' financial statement in granting them a loan and that he would not have approved that loan if defendants had listed all their debts in that statement.

4. Appeal and Error—Questions of Fact.

   The Court of Appeals will not substitute its judgment on questions of fact for that of the trial court unless the evidence clearly preponderates in the opposite direction.

References for Points in Headnotes

[1] 9 Am Jur 2d, Bankruptcy § 709 *et seq.*
False statement of partner or other agent of bankrupt as ground for refusal of discharge. 133 ALR 676.
[2, 3] 37 Am Jur 2d, Fraud and Deceit § 210 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 839.
[5] 21 Am Jur 2d, Customs and Usages § 35 *et seq.*

5. CUSTOMS AND USAGES—LOANS—FINANCE COMPANIES—EVIDENCE—
ADMISSIBILITY.
   The general custom and procedure used by finance companies in
   making loans was properly admitted as a background to the
   principal issue of whether plaintiff finance company relied
   upon defendants' false financial statement in granting them a
   loan.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 January 3, 1970, at Grand Rapids. (Docket No. 6,926.) Decided January 28, 1970.

Complaint by Associates Consumer Finance Company against Dean L. Crapo and Judy M. Crapo for money owed. Judgment for plaintiff. Defendants appeal. Affirmed.

*Thomas Van Hattum,* for plaintiff.

*Cyrus J. Goodrich,* for defendants.

Before: V. J. BRENNAN, P. J., and R. B. BURNS and T. M. BURNS, JJ.

PER CURIAM. Plaintiff's complaint alleges fraud, deceit, and reliance thereon, which, if true, would allow recovery under the Federal Bankruptcy Act (11 USCA § 35). Section 35 of the Act provides:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as  *  *  *

"(2) are liabilities for obtaining money or property by false pretenses for false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or

caused to be made or published in any manner whatsoever with intent to deceive."

Defendants were in serious financial difficulty and owed various amounts of money to several creditors. Pressure for payment by one of the creditors and the need for cash to make a house payment caused defendants to call plaintiff for a loan. In a telephone conversation with plaintiff's employee, defendants listed only four of the principal creditors; the employee, after checking these accounts, turned down the loan as a poor risk because of defendants' credit situation. The following day plaintiff's manager called defendant Dean Crapo and told him that because of past experience (defendant had paid a previous loan to plaintiff), and because he was thought a capable individual, plaintiff could grant the loan. Testimony concerning the actual transaction at plaintiff's office is conflicting, but one important fact is undisputed: The defendants listed only five creditors in applying for the loan, when in fact they had 16 additional creditors, to whom they owed more than $1,000. A loan for $1,000 was approved and a check was issued to defendants. This debt and others being in default for nonpayment, defendants filed bankruptcy proceedings and were discharged as bankrupt. Plaintiff contends that the money was obtained by false representations concerning defendants' financial condition and, therefore, the exception to the general discharge in the Bankruptcy Act applies. Defendants contend that plaintiff did not rely upon the financial statement, but that the loan was made on the basis of plaintiff's own investigation, and that plaintiff failed to prove defendants' intent to deceive. From a judgment for plaintiff, defendants appeal.

The only issues on appeal are whether there was sufficient and credible evidence to support the trial

court's finding that a false financial statement was made by defendants with intent to deceive plaintiff, and that plaintiff relied on this statement in granting the loan.

If the Bankruptcy Act is to prevent a bankrupt's discharge from liability for a loan, the bankrupt must be shown to have secured the loan by false representation of such character as to meet the judicial requirements for legal fraud—that is, the bankrupt's representations must have been material and false in fact, must have been made with an intent to deceive and defraud, and the creditors must have believed, acted, and relied upon them to its prejudice. See 17 ALR2d, Anno; Discharge in Bankruptcy—Fraud, § 113, p 1208 and the cases cited therein.

When defendants did not list all of their creditors as required, the resulting debt total was not a true statement of the debts incurred and outstanding, making the financial statement material because of the discrepancy, and false in fact.

Defendants' intent to deceive is found in the following testimony from the record:

*"The Court (questioning defendant Dean Crapo):* You said you knew what was in this kind of financial statement, having made them out before, is that right?
*"A:* I knew you are required to list your debts."

Mrs. Crapo, on cross-examination, gave these answers:

*"Q.* At the time you signed the financial statement you knew it wasn't a true statement of your financial condition?
*"A.* Yes, I guess.
*"Q.* You knew it was false?
*"A.* (No answer)

"*Q.* You knew it was false, didn't you, Mrs. Crapo?

"*A.* Yes."

The pivotal issue in this appeal is whether plaintiff believed, acted, and relied upon the financial statement in making the loan, or whether, as defendants contend, the loan was made on the basis of plaintiff's investigation and previous dealings with defendant. From the first loan refusal, defendants became fully aware that the loan was marginal and this may have prompted defendants' failure to list all creditors as required. At any rate, only five were listed. To argue that the listed creditors were overlooked and not evaluated with reference to the loan is refuted by the refusal of the loan by plaintiff's employee and the subsequent reconsideration by plaintiff's manager. Common sense and ordinary procedure indicates that the plaintiff's manager was aware of the listed outstanding debts and their amounts. Plaintiff's manager also testified that he relied upon the information contained in the financial statement and that, if defendants had listed the debts they owed on the statement, the loan would not have been approved.

The trial court found that a false financial statement was made, that plaintiff relied on it in making the loan, and that if the false financial statement had not been made and the false information therein disclosed to plaintiff, the loan would not have been made.

A review of the present record convinces this Court that there is sufficient and credible evidence, if believed, to support the fact findings of the trial court. The necessary elements, false material statement, reliance thereon, and intent to deceive can reasonably be found from the evidence of this case. This Court will not substitute its judgment on questions of fact unless the evidence clearly preponder-

ates in the other direction. *Baith* v. *Knapp-Stiles, Inc.* (1968, 380 Mich 119, 125; *Mutual Benefit Life Insurance Co.* v. *Abbott* (1968), 9 Mich App 547.

Concerning defendants' admissibility of evidence issue, we find there was no abuse of discretion in admitting the custom and procedure testimony of plaintiff's manager as a background to the principal issue, or that the defendants were harmed thereby.

Affirmed. Costs to plaintiff.