LOCAL 155 UAW CREDIT UNION v. ZALEWSKI

1. BANKRUPTCY—FRAUD—RELIANCE—EVIDENCE.

Plaintiff must show actual or intended fraud on the part of the defendant to bring a claim within the Federal Bankruptcy Act exception preventing discharge of liabilities for obtaining property by false pretenses or false representations and the bankrupt's representations must have been believed, acted, and relied upon by the creditor to its prejudice.

2. BANKRUPTCY—DISCHARGE—FRAUD—EVIDENCE—FINDING OF FACT.

Finding of fact that defendant debtor had not perpetrated intentional fraud that was relied on by plaintiff by failing to list $3,800 in other debts in his application for a loan from plaintiff credit union so as to bar discharge of the debt to plaintiff in bankruptcy was supported by ample evidence where the evidence showed that defendant had been a customer of plaintiff for 11 years and had established a credit record with plaintiff by borrowing and making payments on principal and interest, and one of plaintiff's loan supervisors admitted that defendant was an employee of a member organization of the credit union, that their records revealed such personal data as his age, marital status, dependents, trade, earning capacity, employment, debts, work record, illnesses, and other contingencies that would be of interest to a creditor, and that the note in print was a renewal and add-on of a former obligation.

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 June 10, 1970, at Detroit. (Docket No. 8,224.) Decided July 2, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1] 9 Am Jur 2d, Bankruptcy §§ 780, 782–784.
[2] 9 Am Jur 2d, Bankruptcy § 785.

Complaint by Local 155 UAW Credit Union against Phillip Zalewski for a balance due on a promissory note. Judgment for defendant. Plaintiff appeals. Affirmed.

*Butler, Roshak & Whelan,* for plaintiff.

Before: HOLBROOK, P. J., and R. B. BURNS and O'HARA,* JJ.

PER CURIAM. This is an action for the balance due on a promissory note. Due to illness, defendant had serious financial difficulty and owed several creditors. He applied for a loan from plaintiff and filled out and signed a financial statement. Plaintiff contends the statement was materially false in that it failed to list $3,800 in other debts owed by defendant at the time of the application for the loan, and plaintiff's agent, in reliance upon the statement, approved the loan. Defendant pleaded that the special affirmative defense of discharge in bankruptcy applied. Plaintiff denied this defense and contended that recovery on the note is available because of the fraudulent financial statement and reliance thereon. The trial court held the debt was discharged in bankruptcy. Plaintiff appeals.

The only issue on appeal is whether there was sufficient credible evidence to support the trial judge's finding that the financial statement was made by defendant without intent to deceive plaintiff and that plaintiff did not rely on the financial statement in granting the loan.

Plaintiff's complaint alleges fraud, deceit, and reliance thereon, which, if true, would prevent dis-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

charge under the Federal Bankruptcy Act. Section 35** of the Act provides:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as  *  *  *

"(2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive."

The law is well established that to bring the claim within the statutory exception of "liabilities for obtaining property by false pretenses or false representations" plaintiff must show actual or intended fraud on the part of the defendant. 8B CJS, § 573c, p 55; *Horner* v. *Nerlinger* (1943), 304 Mich 225. The bankrupt's representations must have been believed, acted, and relied upon by the creditor to its prejudice. See 17 ALR2d, Anno: Discharge in Bankruptcy-Fraud, § 113, p 1209, and the cases cited therein; *Associates Consumer Finance* v. *Crapo* (1970), 21 Mich App 195.

In the *Associates* case the Court found actual fraud and reliance based upon a false financial statement. The case is distinguishable. In the instant case the defendant did not testify. In *Associates* one of the defendants admitted that he knew the debts had to be listed. The other defendant admitted that she knew the financial statement was false. These in-court admissions prompted the appellate court to find fraud in fact. No such admission is found in the instant case. This Court is not required to speculate or to go beyond the record.

---

** 11 USCA § 35(a)(2).—REPORTER.

Evidence presented in this case indicates that the defendant had been a customer of the plaintiff credit union for 11 years, borrowing and making payments on principal and interest and in this manner had established his credit record with plaintiff. One of the plaintiff's loan supervisors admitted that defendant was an employee of a member organization of the credit union and that their records revealed certain personal data such as his age, marital status, dependents, trade, earning capacity, employment, debts, work record, illnesses and other contingencies that would be of interest to a creditor. He also testified that the note in question was not new, but a renewal of a former obligation; it was an add-on. Another witness, a member of plaintiff's credit committee, testified that he had met defendant personally three or four times.

Each case must be decided upon its individual and particular facts and circumstances. The trial court, as original trier of the fact found:

"The question involved in this case is whether or not the defendant perpetrated such intentional fraud in his application for loans as to bar the discharge in bankruptcy.

"In view of the history of the case as set forth in the testimony, it is the court's opinion that the defendant did not perpetrate actual or intentional fraud upon the plaintiff that was relied upon by the plaintiff in making the loan."

An examination of the instant record reveals that there was ample evidence to support the lower court's determination of fact. Findings of fact will not be set aside unless clearly erroneous. GCR 1963, 517.1; *Sears, Roebuck & Co.* v. *Thomas* (1966), 3 Mich App 539; *King* v. *Partridge* (1968), 9 Mich App 540. This Court will not substitute its judg-

ment on questions of fact unless the evidence clearly preponderates in the other direction. *Baith* v. *Knapp-Stiles, Inc.* (1968), 380 Mich 119, 125; *Mutual Benefit Life Insurance Company* v. *Abbott* (1968), 9 Mich App 547.

Affirmed.